IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| MARYETTA M. BECK,  ) | |
| ) | |
| Plaintiff,  ) | |
| ) | |
| v.  ) | CIVIL ACTION No. CV113-126 |
| ) | |
| ERIC SHINSEKI, SECRETARY,  ) | |
| DEPARTMENT OF VETERANS AFFAIRS,  ) | |
| ) | |
| Defendant.  ) | |

## ANSWER

COMES NOW Defendant Shinseki, Secretary of the United States Department of Veterans Affairs (hereinafter "the VA") and files this Answer to plaintiff's complaint, as follows:

## FIRST DEFENSE

The complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

The actions of the VA and of its Disciplinary Appeal Board (hereinafter "the DAB") were not arbitrary nor capricious, were not an abuse of discretion, were not otherwise not in accordance with law, were not conducted without procedures required by law, rule or regulation being followed; and were not unsupported by substantial evidence.

## THIRD DEFENSE

The actions of the VA and the DAB were a proper exercise of discretion, were in accordance with law, were conducted in accordance with procedures required by law, rule, or regulation, and were supported by substantial evidence.

1

**FOURTH DEFENSE**

The complaint addresses a matter that must be considered and resolved based upon the administrative record at issue.

**FIFTH DEFENSE**

The VA denies that Plaintiff is entitled to a jury trial and denies that she is entitled to consequential damages.

**SIXTH DEFENSE**

Responding to the allegations contained in the numbered paragraphs of the complaint, the VA responds as follows:

1.   The allegations contained in paragraph 1 of the complaint constitute conclusions of law to which no response is required but to the extent that a response may be deemed to be required, the allegations are admitted.

2.   The allegations contained in the first sentence of paragraph 2 constitute conclusions of law to which no response is required but to the extent that a response may be deemed to be required, the allegations are admitted.  As to the allegations as to Plaintiff's citizenship and residency, the VA is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations and therefore neither admits nor denies but rather requires strict proof of same.  The allegations contained in the third sentence of paragraph 2 constitute Plaintiff's characterization of her action as to which no response is required.  The VA admits the allegations contained in the fourth and fifth sentences of paragraph 2.

3.   The allegations contained in paragraph 3 of the complaint constitute conclusions of law to which no response is required but to the extent that a response may be deemed to be required, the allegations are admitted.

4.    The allegations contained in paragraph 4 constitute Plaintiff's characterization of her action as to which no response is required.

5.    The VA admits the allegations contained in paragraph 5 of the complaint.

6.   As to the allegations contained in paragraph 6 of the complaint as to when Plaintiff received the proposal that she be removed from employment, the VA is without knowledge of information sufficient to form a belief as to the truthfulness of the allegations and therefore neither admits nor denies but rather requires strict proof of same.  As to the allegations as to the content of the proposal that Plaintiff be removed, the VA states that the allegations refer to a document which speaks for itself.

7.   The VA admits the allegations contained in paragraph 7 of the complaint.

8.   As to the allegations contained in paragraph 8 of the complaint as to when Plaintiff received the decision of the DAB, the VA is without knowledge of information sufficient to form a belief as to the truthfulness of the allegations and therefore neither admits nor denies but rather requires strict proof of same.  The VA admits the remaining allegations contained in paragraph 8 of the complaint.

9.   The VA admits the allegations contained in paragraph 9 of the complaint.

10-19. The VA denies the allegations contained in paragraphs 10 through 19 of the complaint.

As to any allegation to which the VA has not specifically responded, the VA denies such allegation.

The VA denies that Plaintiff is entitled to the relief sought in her prayer for relief, and denies that she is entitled to any relief whatsoever.

WHEREFORE, having fully responded to the allegations of Plaintiff's complaint, the VA submits that it is entitled to judgment in its favor and to such other relief as the Court may deem available and proper.

This 2nd day of December, 2013.

EDWARD J. TARVER
UNITED STATES ATTORNEY

 s/ Melissa S. Mundell
Melissa S. Mundell
Assistant United States Attorney
Georgia Bar No. 529475
P. O. Box 8970
Savannah, Georgia  31412
(912) 652-4422

## CERTIFICATE OF SERVICE

This is to certify that I have on December 2, 2013, served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this Court.

        s/ Melissa S. Mundell
Melissa S. Mundell
Assistant United States Attorney
Georgia Bar No. 529475
P. O. Box 8970
Savannah, Georgia  31412
(912) 652-4422